# IN THE UNITED STATES COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | : | No. 3:10cv374 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| TIMOTHY SHAW, individually and d/b/a Shaw Brothers Donkey Ball Co., and ROBERT EISENBERRY, | : | |
| Defendants | : | |

## **MEMORANDUM & ORDER**

Defendant Timothy Shaw, individually and d/b/a Shaw Brothers Donkey Ball Co., and Defendant Robert Eisenberry (collectively "defendants") present the court with a supplemental motion for summary judgment. (Doc. 39). This case arises from a dispute over insurance coverage for any liability Defendant Timothy Shaw (hereinafter "Shaw") may owe to Defendant Robert Eisenberry (hereinafter "Eisenberry").

Shaw operated "Shaw Brothers Donkey Ball, LLC," a business that provided donkeys for charity basketball events. The donkeys were housed and cared for in a barn leased by Shaw for his business. Shaw and Eisenberry met around the year 1997. Eisenberry spent time in Shaw's barn, where he cleaned stalls, fed and watered donkeys and moved hay and straw. On September 4, 2007, Eisenberry suffered a paralyzing injury while stacking and moving bales of hay at the barn.

Shaw's business had a commercial general liability insurance policy (hereinafter "the policy") with Plaintiff Nationwide Mutual Insurance Company (hereinafter "plaintiff"). The policy provided coverage for bodily injury and property damage, but also contained a number of exclusions to coverage. The employee exclusion is at issue in the instant case, and this exclusion essentially removes from coverage bodily injury to one of Shaw's "employees."[1] Shaw sought coverage under the policy for any liability he owed to Eisenberry. On August 28, 2009, Nationwide agreed to participate in Shaw's defense pursuant to a reservation of rights, which includes a right to disclaim coverage pursuant to the policy's employer's liability exclusion. On February 19, 2010, plaintiff filed an action in this court

---

[1] The relevant provision states as follows:

2.     Exclusions
This insurance does not apply to:

\* \* \*

e.     Employer's Liability
"Bodily injury" to:
(1) An "employee" of the insured arising out of and in the course of:
     (a) Employment by the insured; or
     (b) Performing duties related to the conduct of the insured's business; or
(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

(Doc. 27-2, Ex. 1, Insurance Policy at 22).

2

seeking a declaratory judgment that plaintiff was not obligated to cover defendants under the policy. After discovery, the parties filed motions for summary judgment. (Docs. 25, 27).

**Trial Court Opinion on Motions for Summary Judgment**

On August 22, 2011, the court granted summary judgment to defendants and, in the course of doing so, found that Shaw's insurance claim did not fall under the employer's liability policy exception. Nationwide Mut. Ins. Co. v. Shaw, 837 F. Supp. 2d 455, 467 (M.D. Pa. 2011). The court relied upon the policy, Shaw's deposition, two depositions of Eisenberry and an affidavit sworn by Eisenberry on February 17, 2011. Id. at 462-64. The court found that, while it fails to provide a positive definition for the term "employee," the policy does not provide coverage for "employees." Id. at 464-65. The court turned to Pennsylvania law to determine whether Eisenberry was an "employee" under the policy. Id. at 465.

The court first assessed whether Eisenberry qualified as an employee under the Pennsylvania Workers' Compensation Act (hereinafter "WCA") because both parties looked to the WCA to help determine this issue.[2] Id. The WCA provides that an employee includes "'[a]ll natural

---

[2] Notwithstanding defendants' emphatic contentions that there was no express agreement between the parties to use the definition of

3

persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of business of the employer . . . ." Brookhaven Baptist Church v. Workers' Comp. Appeal Bd., 912 A.2d 770, 776 (Pa. 2006) (quoting 77 PA. CONS. STAT. § 22). When interpreting this definition of employee, the court found:

> [T]hat there is an ambiguity in Pennsylvania courts' interpretation of this portion of the Act's definition of "employee." While some courts have concluded that "to be exempt from coverage, a person must be both casually employed and not engaged in the business of the employer," other Pennsylvania decisions "exempt persons who are casually employed as well as those who are not engaged in the business of the employer, meaning that either situation would exclude the employee from coverage." Brookhaven Baptist Church, 912 A.2d at 778. The court is persuaded by the reasoning of those decision that conclude a worker is exempt from coverage–and in that sense not an employee–if that worker is either employed casually or not engaged in the business of the employer.

Shaw, 837 F. Supp. 2d at 465-66. The court thus applied a disjunctive version of the Brookhaven test and found that Eisenberry was not an

---

employee from the WCA, the court notes that the record is clear that defendants relied on the WCA in their briefs with regard to the original motion for summary judgment. See Doc. 26, Defs.' Br. in Supp. of Mot. for Summ. J. at 10 ("Looking at the Workers' Compensation Law to attempt to flush out the employer/employee relationship it has been held . . . ."); Doc. 34, Defs.' Reply Br. at 3 ("Also, in [sic] looking at the Workers' Compensation Law is also instructive in whether or not Robert Eisenberry was an employee.").

4

employee under the WCA because he was casually employed. Id. at 466.

Next, the court turned to Pennsylvania case law to confirm our finding that Eisenberry was not an "employee" under Pennsylvania law. Id. at 466-67. The court analogized this case to Stewart v. Uryc, 352 A.2d 465 (Pa. Super. Ct. 1975), and found, in an analysis similar to that under the WCA, that Eisenberry was not Shaw's employee. Id. Our Pennsylvania case law analysis relied on the same evidence we depended on in determining that Eisenberry was not an employee under the WCA. Id.

**Third Circuit Court of Appeals Opinion**

In an August 6, 2012 opinion, the Third Circuit Court of Appeals vacated our August 22, 2011 opinion and remanded the case for further proceedings. Nationwide Mut. Ins. Co. v. Shaw, No. 11-3573, 2012 WL 3156865, at *9 (3d Cir. Aug. 6, 2012). The Third Circuit held that we erred in applying the disjunctive standard to the Brookhaven test. Id. at *6. The Third Circuit found that, if faced with resolving the ambiguity present in the Brookhaven test, the Pennsylvania Supreme Court would impose a conjunctive standard. Id. In other words, Eisenberry is not an employee if he is both (1) casual and (2) not engaged in Shaw's regular course of business.[3] Id. at *5-6.

---

[3] In a footnote to its opinion, the Third Circuit explained that its "analysis under the WCA is not intended to be the archetype for

5

The Third Circuit also identified several genuine issues of material fact that need to be resolved on remand.  Id. at *6-9.  The issues of material fact identified by the Third Circuit specifically involve (1) whether Eisenberry received valuable consideration for his services, (2) whether Eisenberry was casually employed and (3) whether Eisenberry performed work in the regular course of Shaw's business.  Id.  Additionally, the Third Circuit specifically instructed us that, on remand, we should not consider Eisenberry's February 17, 2011 affidavit pursuant to the "sham affidavit" doctrine.  Id. at *9.

**Defendants' Supplemental Motion for Summary Judgment**

On August 10, 2012, defendants filed a supplemental motion for summary judgment.  (Doc. 39).  Defendants contend that "[t]he Third Circuit completely ignores Judge Munley's analysis on this very issue solely because [the Third Circuit] was operating under the mistaken belief that there was an express agreement between the parties that the term would be analyzed by the definition in the Workers' Compensation Act."

---

adjudicating whether an employer-employee relationship exited."  Shaw, 2012 WL 3156865, at *3 n.4.  The Third Circuit did not wish its ruling to replace the necessary inquiry into Pennsylvania common law, which is the proper means to determine an employee's status.  Id.  Rather, the Circuit Court "consult[ed] the WCA because the parties expressly agreed that the term 'employee,' as used in the Insurance Policy, would be elucidated by the definition of the term in the WCA."  Id.

6

(Doc. 40, Defs.' Br. in Supp. of Supplemental Mot. for Summ. J. at 3).  In light of this alleged mistaken belief, and given the fact that the Pennsylvania common law controls the analysis of an employee-employer relationship, defendants requests that the court rely on our previous examination of Pennsylvania case law to grant them summary judgment.

The court will deny defendants' supplemental summary judgment motion.  Defendants essentially request that this court sit in judgment of the Third Circuit Court of Appeals, something that the law clearly forbids.  See <u>Eichorn v. AT&T Corp.</u>, 484 F.3d 644, 657 (3d Cir. 2007) ( "A district court must 'implement both the letter and spirit of the mandate' it receives from this Court, but district courts are free to 'consider, as a matter of first impression, those issues not expressly or implicitly disposed of by the appellate decision.'" (quoting <u>Bankers Trust Co. v. Bethlehem Steel Corp.</u>, 761 F.2d 943, 949-50 (3d Cir. 1985))).

Defendants did not request the Third Circuit Court of Appeals for a rehearing, nor did defendants otherwise appeal the August 6, 2011 opinion.  Despite the fact that the Third Circuit remanded this case so the court could conduct further factual findings, defendants ask the court to look at the current factual record and grant summary judgement for them

under **both** the Pennsylvania common law and the WCA.[4]  Given the Third Circuit Court of Appeals' mandate, this is something the court simply cannot do.  Thus, defendants' request to essentially re-file portions of our August 22, 2011 opinion is inconsistent with the Third Circuit's mandate for the admission of new evidence to resolve genuine issues of material fact present in this case.

    **AND NOW**, to wit on this 22nd day of January 2013, Defendants' Supplemental Motion for Summary Judgment (Doc. 39) is hereby **DENIED**.


                                **BY THE COURT:**

                                **s/ James M. Munley**
                                **JUDGE JAMES M. MUNLEY**
                                **United States District Court**

---

[4] Although the Third Circuit applied the <u>Brookhaven</u> test and found genuine issues of material fact with regard to all three elements, defendants perplexingly proffer that the court can somehow find, on the current record, that there is no employee-employer relationship under the WCA.  (<u>See</u> Doc. 44, Defs.' Reply Br. at 3-4).

8